Maria Amalia Hernandez **ESPARZA**; et al., Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 07–73891.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.*

Filed March 17, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria Amalia Hernandez Esparza, Huntington Park, CA, pro se.

Alberto Garcia Velasquez, Huntington Park, CA, pro se.

Veronica Janeth Garcia Hernandez, Huntington Park, CA, pro se.

Terri Leon–Benner, Shelley R. Goad, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department

of Homeland Security, San Francisco, CA, for Respondent.

Before: T.G. NELSON, TASHIMA and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's order denying petitioners' applications for cancellation of removal.

We have reviewed the record and the motion to dismiss in part and to deny in part this petition for review. We conclude that petitioner Maria Hernandez Esparza has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926 (9th Cir.2005); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction is granted with respect to petitioner Hernandez Esparza. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

A review of the administrative record demonstrates that there is substantial evidence to support the BIA's decision that petitioner Alberto Garcia Velasquez failed to establish continuous physical presence in the United States for a period of not less than ten years as required for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004). A review of the administrative record also demonstrates that petitioner Veronica Garcia Hernandez has presented no evidence that she has a qualifying relative for purposes of cancellation of removal as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir.2002). The BIA therefore correctly concluded that, as a matter of law, petitioners Garcia Velasquez and Garcia Hernandez were ineligible for cancellation of removal. Accordingly, respondent's motion for summary disposition is granted with respect to petitioners Garcia Velasquez and Garcia Hernandez because the questions raised by this petition for review as to these petitioners are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**